### PARSONS v. STATE. (6 Div. 22.)

(Court of Appeals of Alabama. Jan. 9, 1923. Rehearing Denied Jan. 30, 1923.)

**1. Criminal law ⟨key⟩1141(1)—Every presumption resolved in favor of trial by court.**

Where a trial for possessing prohibited liquors was had before the trial judge sitting without a jury, every presumption will be resolved in favor of the judgment rendered.

**2. Criminal law ⟨key⟩1153(4)—No review of trial court's discretion in permitting leading questions.**

The trial court's discretion in permitting leading questions will not be reviewed, in the absence of a showing of abuse.

**3. Criminal law ⟨key⟩678(4)—After election of acts, state can introduce evidence only of one act.**

Where a count charged the sale of intoxicating liquor within twelve months before the return of the indictment, after an election, the state can only introduce evidence of one sale, but all testimony as to acts of possession corroboratory of such sale is admissible.

**4. Intoxicating liquors ⟨key⟩233(2)—Evidence tending to show possession admissible.**

In a prosecution for selling intoxicating liquor, any evidence tending to prove possession of whisky at the time charged is relevant and competent.

**5. Criminal law ⟨key⟩338(1)—Evidence relevant to either count admissible.**

Where the evidence introduced relates to or sheds any light on either the offense charged in the first count or the offense charged in the second count, the court's action is not error.

Appeal from Circuit Court, Jefferson County; William E. Fort, Judge.

Ike Parsons was convicted of selling and having in his possession prohibited liquors, and appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Ike Parsons, 209 Ala. 630, 96 South. 720.

Prosch & Prosch, of Birmingham, for appellant.

Leading questions are improper, and should not be put to a witness. Weatherly v. N., C. & St. L., 166 Ala. 575, 51 South. 959; 40 Cyc. 2422; Blunt v. Strong, 60 Ala. 572.

<hr>

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The state, having once made its election by offering evidence of one particular offense, will be held to that election throughout the future proceedings. Elam v. State, 26 Ala. 48; Moss v. State, 3 Ala. App. 189, 58 South. 62.

Harwell G. Davis, Atty. Gen, for the State.

No brief reached the Reporter.

SAMFORD, J. [1] The trial was had before the trial judge sitting without a jury. Such being a fact, every presumption will be resolved in favor of the judgment rendered.

The exceptions taken on the trial were confined to the rulings of the court on the admissibility of testimony, and proceed upon three theories: First, objections because questions were leading; second, irrelevancy, in that the testimony related to possession of prohibited liquors at times other than those on which the state had elected to prosecute; and, third, the state having elected to prosecute at certain times and places, evidence of other sales or possession at other times was incompetent.

[2] As to the first, the discretion was with the trial court, which we will not review, unless that discretion was abused, and appellant does not claim that to be a fact.

As to the second and third, the state claims that each question and answer related directly to and was the identical liquor for which the defendant was being prosecuted, and, this being a question of determination by the court from the evidence, the court's rulings might well be justified on that ground.

[3] Aside from that, however, the first count charged a sale within twelve months before the return of the indictment. As to this the state, after election, could only introduce evidence of one sale, but all testimony as to acts of possession corroboratory of such sale would be admissible.

[4] As to the second count, any evidence of possession tending to prove possession of whisky at the time charged would be relevant and competent.

[5] If the evidence introduced related to or shed any light on either the offense charged in count 1 or count 2, the action of the court was free from error. Howze v. State, 16 Ala. App. 76, 75 South. 624.

After reading this entire record, we are of the opinion that no error exists which would prejudice the defendant's substantial rights.

Let the judgment be affirmed.

Affirmed.