8 So.2d 815

### HOWELL v. STATE.
### 6 Div. 920.

Supreme Court of Alabama.
June 18, 1942.

Wm. Stell, of Russellville, and Griffith & Entrekin, of Cullman, for appellant.

Thos. S. Lawson, Atty. Gen., and Jas. F. Matthews, Asst. Atty. Gen., for the State.

GARDNER, Chief Justice.

Defendant is a youth nineteen years of age. He was a member of what is commonly called the "C.C.C." camp near Cullman, Alabama. On the night of May 3, 1941, he, together with several other boys from the camp were in Cullman when one of the boys, Shelton by name, got into a difficulty with one Patterson. The police officers arrested Shelton and placed him in the city jail and several followed.

Defendant interposed for Shelton, begging that he not be jailed but permitted to go back to camp with him. Carl Camp, Jr. was a young man about twenty-four years of age and in the employ of the City of Cullman in its street department.

Defendant had offered no violence or physical interference with the officers but they were evidently annoyed at his verbal protestations. Camp volunteered his help as to the Shelton boy and the policeman told him if he "didn't mind he could keep

this boy back. That is the defendant that I asked him to keep back." Whether defendant heard any such instruction is left solely to conjecture. He had never seen Camp before, nor had Camp ever met him.

Defendant offered much proof to show that Camp approached and accosted him and then struck him in the face, and after a few blows he cut Camp with his knife. The one knife wound proved fatal. There was evidence for the State tending to show defendant first struck at Camp, but Camp avoided the blow and then the fight ensued. The whole affair must have occupied only a few moments of time.

Defendant proved an excellent character for peace and quiet and also a general good character. His home was in Franklin County. The jury found him guilty of murder in the first degree and fixed his punishment at imprisonment for life.

■ A motion for a new trial based upon the ground the verdict was contrary to the great preponderance of the evidence was overruled. The elements of murder in the first degree are well understood and need no repetition. Spooney v. State, 217 Ala. 219, 115 So. 308; Brown v. State, 109 Ala. 70, 20 So. 103, 110.

"There must be conjoined with malice, willfulness, deliberation, and premeditation, or the crime must have been perpetrated under some one of the categories enumerated in the statute." Brown v. State, supra.

■ We recognize fully the caution that should be observed in disturbing the ruling on motion for a new trial. But we have a duty to perform, and if, after a consideration of all the proof, and after allowing all reasonable presumptions in favor of the correctness of the ruling of the trial court in sustaining the verdict, we are clearly convinced the great weight of the evidence is against the verdict and that it is wrong and unjust, it is our duty to so declare and grant a new trial. McDowell v. State, 238 Ala. 482, 191 So. 894; Roan v. State, 225 Ala. 428, 143 So. 454. We are so persuaded here.

■ The argument of the Solicitor to the jury (objection to which was overruled) that the defendant "comes into Cullman County and takes the life of your boy, the boy that was working for your City" was perhaps within itself justified by the proof, and the ruling presents no error to reverse. But it was an appeal to local prejudice that

may have had its weight with the jury in fixing so high a degree of murder.

■ Defendant and deceased, as previously observed, were strangers and the great preponderance of the evidence tends to show only a sudden rencounter and an absence of the qualities of premeditation and deliberation essential for murder in the first degree.

The record has been studied and examined with care. Other than the question here considered we find no ruling that would justify a reversal of the cause or that calls for separate treatment.

For the error in denying the motion for a new trial upon the ground indicated, the judgment will be reversed.

Reversed and remanded.

All Justices concur except KNIGHT, J., not sitting.