21 So.2d 571

## HOWELL v. STATE.

### 6 Div. 94.

Court of Appeals of Alabama.

Feb. 13, 1945.

Rehearing Denied March 27, 1945.

Wm. Stell, of Russellville, and K. J. Griffith, of Cullman, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Frank N. Savage, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was convicted of the offense of manslaughter in the first degree, and his punishment fixed at imprisonment in the penitentiary for the term of seven years.

This is the second appeal in the case. Upon the trial giving rise to the first, appellant was convicted of the offense of murder in the first degree and his punishment fixed at imprisonment, for life, in the penitentiary.

■ In reversing the judgment rendered on that trial, our Supreme Court, speaking through its able Chief Justice, said: "Defendant and deceased, as previously observed, were strangers and the great preponderance of the evidence tends to show only a sudden rencounter and an absence of the qualities of premeditation and deliberation essential for murder in the first degree." See Howell v. State, 243 Ala. 105, 8 So.2d 815, 816.

On the trial giving rise to this appeal, as appellant's counsel frankly state, "the facts are not materially different than (sic) they were on the former appeal." And we, as counsel, refer to the report of the case on the first appeal (Howell v. State, 243 Ala. 105, 8 So. 2d 815, supra) for a statement of the facts involved.

There would seem not much needful to be said by us. The facts, as mentioned, being in all material respects the same here as they were on the appeal, above, which went to the Supreme Court, it is at once apparent from a reading of the opinion of that Court on that appeal that the reason it gave for the reversal of the judgment, there, does not here exist.

And, as it found no other error (by its own statement), in the trial there involved, than the one it treated in its opinion, so we find none in the trial giving rise to this appeal—not being called on to treat the error declared by our Supreme Court.

Appellant is represented here by capable counsel, who have filed a careful brief in his behalf; but all they have been able to urge upon us as a reason for the reversal of the judgment of conviction is the refusal of specified written charges, and a claimed error in the trial court's excellent oral charge.

It would appear a useless consumption of time and space to treat in detail their contentions. They are clearly without merit.

The trial court gave to the jury an able oral charge, covering, when transcribed, some seven or more pages of the record sent up here. In addition to this, he gave to the jury at appellant's request some twenty written charges. These—the oral charge and the twenty written charges—covered and included, so far as we are able to discern, every applicable principle of the law involved.

■ It is true some of the written, requested, and refused charges stated correct principles of the law. But, upon close examination, we find in every such instance, the same principle to have been otherwise conveyed to the jury. The charge was hence refused without error. Code 1940, Tit. 7, § 273.

■ Nor was there error in the portion of the oral charge to which exception was reserved, when read, as it must be, in connection with the entire charge to the jury.

In sum, after a careful study of the entire record, we find nowhere a ruling infected with error prejudicial to appellant; and the judgment must be affirmed.

It is so ordered.

Affirmed.