21 So.2d 574

## ORR v. STATE.
### 7 Div. 828.

Court of Appeals of Alabama.
March 27, 1945.

Wm. N. McQueen, Acting Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

Leonard Crawford, of Fort Payne, for appellant.

RICE, Judge.

Appeal from a judgment of conviction for violating the prohibition laws by illegally having in possession a quantity of "home-brew."

The case was tried before the court sitting without a jury, Local Acts 1927, p. 93, Section 14; and in an appeal from such a judgment we are governed by the provisions of Code 1940, Title 15, Section 322—it being kept in mind that bills of exceptions, have now been abolished, and that the provisions of Title 7, Sections 827(1) et seq. of the Code of 1940, as found in the 1943 Cumulative Pocket Part of that Code, must be, as they have been pertinently, here, complied with.

■ Notwithstanding the provisions of Section 322 of Title 15 of the Code of 1940, we have heretofore declared, on ample authority, that we will review the conclusions of fact reached by the judge trying the case, when the evidence, as here, is given orally before him, only on the same basis that the verdict of a jury will be reviewed, when a motion is made to set aside the verdict as being contrary to the weight of the evidence. See Brence v. State, 28 Ala.App. 459, 186 So. 785.

And in that regard, our Supreme Court, by which of course, we are guided, Code 1940 Title 13, Section 95, has recently said: "We recognize fully the caution that should be observed in disturbing the ruling on motion for a new trial. But we have a duty to perform, and if, after a consideration of all the proof, and after allowing all reasonable presumptions in favor of the correctness of the ruling of the trial court in sustaining the verdict, we are clearly convinced the great weight of the evidence is against the verdict and that it is wrong and unjust, it is our duty to so declare and grant a new trial." Howell v. State, 243 Ala. 105, 8 So.2d 815, 816.

So we proceed.

We will take the statement of the facts from the Assistant Attorney General, himself, here representing the State—although we can find no evidence that the "locust thicket," where the home-brew was found, was "leased to this appellant." Nor do we find that the officers said how many bottles they found under the floor of appellant's house.

But said statement, in full, is as follows, to-wit:

"The evidence adduced upon the trial of this case for the State tended to show that three officers of the law went to defendant's home to search the premises for illegal liquor, and that they found none at the house occupied by the appellant. That the appellant and his family were present at the time of the search and at the conclusion of the search at the house the appellant suggested to the officers that they likewise search the barn. Two of the officers accompanied the appellant to the barn where another search was made. This search, likewise, produced no illegal liquor, or beverages of any kind, but at the time that this appellant suggested to the officers that they search the barn appellant's wife left the house and started toward a locust thicket across the road from appellant's house in the opposite direction from the barn to which appellant was trying to carry the officers of the law. Therefore, one of the officers went to the locust thicket, and there found a ten-gallon keg, which was about three-fourths full of home brew. The officer finding the home brew testified that neither the appellant nor any member of his family were present at the time that he found the keg, and that the keg was partially concealed by leaves. He further testified that there was a well-beaten path leading from the road to the thicket, and that all told the keg was found about forty yards from appellant's residence. The keg was found on property belonging to one Ben Lee Gilbert, but said property was leased to this appellant.

"The officers further testified that they found a good number of empty bottles under the floor of appellant's house, and that said bottles had had home brew in them.

"The evidence on behalf of the appellant tended to show that he knew nothing at all about this keg being in the thicket on the premises herein mentioned, and that it was not his keg or his home brew. He further testified that the thicket was about one hundred and fifty yards from his home and across a public road. The sum total of his testimony is that he just didn't know anything about any home brew being on the premises leased by him, and had no connection with same, and he rested his case, after several witnesses testified as to his good character."

Naturally, as was his duty, the Attorney General has stated the facts in their strongest aspect for the State, touching appellant's guilt; and some technical objections could be made to parts of his said statement. But we will use it as he has set it down.

Unless the evidence, as summarized by the Attorney General, gives rise to a reasonable inference that appellant was guilty as charged, the finding and judgment of the lower court was of course wrong, and should be reversed.

■ Our Supreme Court has said: "Inference, in legal parlance, as respects evidence, is a very different matter from supposition. The former is a deduction from proven facts * * *; while the latter requires no such premise for its justifica-

**80**

tion * * *. And the courts and juries, in dealing with the inquiry whether a party has discharged his burden of proof, cannot pronounce upon mere supposition that the burden has been met." Miller-Brent Lumber Co. v. Douglas et al., 167 Ala. 286, 52 So. 414, 415.

■ And, of assistance here, as being in principle applicable—though spoken with regard to the discharge of the burden of proof in a civil matter—is the language used by our Supreme Court in its opinion in the case of Southern Ry. Co. v. Dickson, 211 Ala. 481, 100 So. 665, 669, viz: "As this court has often declared, findings of fact based on conjecture merely cannot be upheld. * * * 'Proof which goes no further than to show an injury could have occurred in an alleged way, does not warrant the conclusion that it did so occur, where from the same proof the injury can with equal probability be attributed to some other cause.' * * *. As a theory of causation, a conjecture is simply an explanation consistent with known facts or conditions, but not deducible from them as a reasonable inference." And see Alabama Power Co. v. Pierre et al., 236 Ala. 521, 183 So. 665, 667, in the opinion in which is quoted the hereinabove excerpt from the opinion in Southern Ry. Co. v. Dickson, with the observation that "the application of the stated doctrine is of course to be determined upon the peculiar facts in each particular case."

And we will so apply it, here.

■ The burden, of course, in this case, was upon the State to show by evidence, beyond a reasonable doubt, that the home-brew which was undisputedly found by one of the officers was in the possession or control of appellant. We do not think it did so.

■ In our opinion the evidence, at best, did no more than give rise to a suspicion, surmise, or conjecture that appellant might be guilty as charged. And this of course was not enough. See Ammons v. State, 20 Ala.App. 283, 101 So. 511; and a host of our other cases, easily located.

■ The judgment of conviction is reversed; and, exercising the prerogative that seems to be yet vested in us (see Brence v. State, supra) we order that appellant be discharged. Code 1940, Title 15, Section 322.

Reversed and rendered.