21 So.2d 806

**PATTERSON v. STATE.**

8 Div. 440.

Court of Appeals of Alabama.

April 17, 1945.

H. T. Foster, of Scottsboro, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

**RICE, Judge.**

Appellant, tried before the court, sitting without a jury, was convicted of the offense of unlawfully having in his possession a quantity of whiskey.

In appeals from judgments of conviction in cases tried before the court without a jury, where the testimony was given ore tenus, as here, correlating what we said in Brence v. State 28 Ala.App. 459, 186 So. 785, with what we said in Orr v. State, Ala.App., 21 So.2d 574,[1] and with the provisions of Code 1940, Title 15, Section 322, as its provisions were explained or limited in Hackett v. Cash, 196 Ala. 403, 72 So. 52, and a number of cases following it—both in time and holding—decided by both this court and our Supreme Court, we believe the statement in the first paragraph of the opinion by the late, beloved, Judge Samford, in the case of Parsons v. State 19 Ala.App. 111, 96 So. 719, 720 was true when made, and true now.

Said statement was: "The trial was had before the trial judge sitting without a jury. Such being a fact, every presumption will be resolved in favor of the judgment rendered."

The above applies here. There are no questions apparent calling for decision, other than the single one of whether or not the learned trial court properly adjudged appellant guilty.

There was ample testimony to support the judgment; and it is—without the aid of any "presumption"—affirmed.

Affirmed.