Petitioner, Rufus Cunningham, was convicted by a Monroe County jury of theft of livestock, in violation of Code of Alabama 1975, § 13A-8-4. Cunningham was sentenced to serve a term of 15 months in the state penitentiary. The Alabama Court of Criminal Appeals affirmed the conviction, without opinion. 541 So.2d 81. We issued our writ of certiorari to review the following issue:
 Whether sufficient evidence was presented by the state to establish a violation of § 13A-8-4.
We summarize the facts as follows:
On March 16, 1987, a black calf that belonged jointly to James Thomas and Robert Spears was stolen from a pasture located on Mr. Spears's property. The calf was last seen in the pasture at 1:30 p.m. that day. Mr. Thomas, when he noticed that the calf was missing, walked the fence surrounding the pasture and found the fence intact, which indicated that the calf could not have left the pasture unassisted. Neither Thomas nor Spears had given anyone permission to remove the calf from the pasture. When the absence of the calf was noticed, Thomas observed that someone had placed cattle feed in the trough located in the catch pen of the pasture.
During the trial of this case, the state presented three witnesses who testified that they had seen defendant Rufus Cunningham *Page 1050 
and his brother-in-law, Robert Salter, standing next to Salter's automobile, an A.M.C. Gremlin hatchback, which was parked beside the catch pen. One of the witnesses testified that he noticed a person who fit the description of petitioner Cunningham standing at the rear of the car, attempting to force a calf into the rear of the car. The witness described the calf as a black yearling with a white face and as weighing approximately 100 pounds. Another of those three witnesses recognized both Salter and Cunningham and saw them leave the area of the catch pen on the 16th between 3:00 p.m. and 4:00 p.m.
Cunningham, after his arrest and after being read hisMiranda rights and waiving them, stated that he and his brother-in-law, Robert Salter, were en route to Mobile at 2:00 p.m. on March 16, 1987.
Testimony was adduced showing that the fence surrounding the pasture consisted of net wire and had been constructed approximately 40 years ago and it that had been patched in several places. Mr. Spears testified that cows often get out and frequently die. The calf in this case was never found.
Cunningham contends that the evidence presented by the state was insufficient to sustain a conviction. He argues that the evidence presented by the state was based on mere suspicion, or on the fact that he was at the scene of the crime. He asserts that none of the witnesses positively identified him as the person who placed the calf into the trunk of the car.
This Court must review the evidence presented by the state in its most favorable light when deciding the sufficiency of the evidence. Walker v. State, 416 So.2d 1083 (Ala.Crim.App. 1982). A verdict of conviction will not be set aside on an assertion of insufficiency of the evidence unless, considering all reasonable presumptions of correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the Court that it was wrong and unjust. Johnson v.State, 378 So.2d 1164 (Ala.Crim.App.) cert. quashed,378 So.2d 1173 (Ala. 1979). The test applied in this situation is whether the jury might reasonably find that the evidence excluded every reasonable hypothesis but guilt. See Dolvin v.State, 391 So.2d 133 (Ala. 1980). Clearly, in the instant case, the jury could reasonably conclude that the evidence excluded all reasonable hypotheses other than the guilt of Cunningham. Therefore, the judgment cannot be reversed on this issue.
For the foregoing reasons, the judgment of the trial court is due to be, and it hereby is, affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and STEAGALL, JJ., concur.