BOWEN, Judge.
James Lewis Langley was convicted for the capital offense of robbery-murder under Ala.Code 1975, § 13A-5-40(a)(2), and was sentenced to life imprisonment without the possibility of parole. On this appeal from that conviction, he argues that the evidence is insufficient to sustain his conviction because the evidence does not show that he had an “intent to rob.”
Initially, we note that this issue is not preserved for review. After the State rested on its case-in-chief, defense counsel made the following motion: “At this time, Your Honor, we move for a judgment of acquittal on the capital felony murder charge pending against the defendant.”
“To preserve the issue for appeal, it is necessary for defendant to state his grounds upon moving to exclude evidence; however, it is not necessary to draw the trial court’s attention to the particular defect. It is sufficient that the defendant state the ground that the prosecution has failed to make a prima facie case.”
Ex parte Maxwell, 439 So.2d 715, 717 (Ala. 1983). There was no other motion for a judgment of acquittal, and there was no motion for new trial. This matter is not covered in any of the defendant’s requested instructions.
However, we address the merits of this issue because the State asserts that “arguably the issue is preserved.” Appel-lee’s brief at 7. We consider this a waiver of any procedural bar. See Ex parte Williams, 571 So.2d 987 (Ala.1990).
In White v. State, 546 So.2d 1014, 1016-18 (Ala.Cr.App. 1989), and Cumbo v. State, 368 So.2d 871, 874-75 (Ala.Cr.App. 1978), cert. denied, 368 So.2d 877 (Ala. 1979), this Court set out the principles involved in the standard for appellate review of the sufficiency of the evidence in a conviction based on circumstantial evidence. See also, Dolvin v. State, 391 So.2d 133, 137-38 (Ala. 1980). Applying those principles to the facts of this case, we find that *870 the evidence is sufficient for the jury to conclude that the evidence excluded every reasonable hypothesis except that of guilt.
The following portions of the evidence authorize and support the verdict of the jury. It is undisputed that the defendant killed Joy Burdick on the evening of July 4, 1988. The defendant and Ms. Burdick had been living together for three or four months in Ms. Burdick’s trailer. In one of the statements he made after the shooting, the defendant told the police, “The bitch had $1,500 hid in there, but I couldn’t find it.” Ms. Burdick’s three rings and her watch were found in the defendant’s shirt pocket. Ms. Burdick’s daughter testified that she had never known her mother to “take off” those items. In other statements to the police, the defendant indicated that he had shot Ms. Burdick in a domestic dispute concerning one of her former boyfriends.
The defendant testified in his own behalf. He claimed that the shooting was accidental and that Ms. Burdick gave him the rings to sell.
“This Court must review the evidence presented by the state in its most favorable light when deciding the sufficiency of the evidence. A verdict of conviction will not be set aside on an assertion of insufficiency of the evidence unless, considering all reasonable presumptions of correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the Court that it was wrong and unjust. The test applied in this situation is whether the jury might reasonably find that the evidence excluded every reasonable hypothesis but guilt.”
Ex parte Cunningham, 548 So.2d 1049, 1050 (Ala. 1989) (citations omitted). See also Ex parte Hinton, 548 So.2d 562, 568 (Ala.), cert. denied, — U.S.-, 110 S.Ct. 419, 107 L.Ed.2d 383 (1989). In this case, we find that the jury might reasonably have concluded that the evidence excluded every reasonable hypotheses except that of the defendant’s guilt. “Circumstantial evidence may afford satisfactory proof of the corpus delicti in a murder and/or robbery prosecution, and, if facts are presented from which the jury may reasonably infer that the crime has been committed, the question must be submitted to the jury.” McCloud v. State, 401 So.2d 314, 319 (Ala. Cr.App.1981). Therefore, the judgement cannot be reversed on this issue.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.