The appellant, William Maddox, appeals his February 11, 1992, conviction for the unlawful distribution of a controlled substance (cocaine), § 13A-12-211, Code of Alabama 1975, and his sentence of 25 years' imprisonment as an habitual offender. He raises two issues for our review.
At trial the state's evidence tended to show the following facts. On May 24, 1991, Clinton Stanton, an agent with the Alabama Alcoholic Beverage Control Board, enforcement division, was working on an undercover drug assignment in Auburn, Alabama. That evening, he drove from his apartment to the area in which the Ridgecrest housing project was located in order to work undercover. Stanton was driving a 1986 Dodge Dakota truck, which was equipped with a small wire and microphone device that could be used to monitor drug transactions.
At approximately 7:42 p.m., Stanton met with the appellant on Donahue Street near Phillips Street. There Stanton discussed buying $20 worth of "crack" cocaine from the appellant. The appellant informed Stanton that he would direct him to the Holiday Trailer Park where the transaction could be completed. The appellant accompanied Stanton in his truck.
When they arrived at the mobile home park, the appellant stated that he would go alone into one of the mobile homes to pick up the cocaine because the people inside might not trust a new face. Stanton then handed the appellant $20. After receiving the money, the appellant entered the third mobile home on the right side of Atkinson Street. He returned a short time later with a small rock substance, which he handed to Stanton. Stanton returned the appellant to Donahue Street and then met with Detectives Tommy Dawson and Lee Hodge at Stanton's apartment at approximately 8:05 p.m. There, he gave the rock substance to Dawson. Stanton had packaged the substance in a white envelope, and Dawson sealed it in a bag, which he then labeled. Later, the bag was delivered to the Alabama Department of Forensic Sciences, where it was given to Sherwin Boswell, a technician in the Department's drug chemistry section, who determined that the substance was indeed crack cocaine.
At trial, Stanton identified the appellant as the man who had sold him cocaine on May 24, 1991. Detectives Dawson and Hodge described what they had heard as they monitored the entire transaction from a remote location by way of the hidden small microphone that had been installed by Hodge in Stanton's truck. Dawson carefully described the process by which the cocaine was packaged, labeled, and delivered to Sherwin Boswell's laboratory at the Department of Forensic Sciences.
The appellant offered no evidence on his behalf.
 I
The appellant's first contention is that the trial court erred in denying his motion for a judgment of acquittal based on the prosecution's alleged failure to prove a prima facie case of unlawful distribution of a controlled substance. Specifically, the appellant argues that Stanton had made several drug buys that day and thus might have turned over a different evidence packet to the detective in his zeal to arrest the appellant for this crime. He also argues that no one other than Stanton actually saw any money exchanged. We find that both arguments are without merit.
"The jury is the judge of the facts, the demeanor of the witnesses, and their testimony." Finch v. State, 445 So.2d 964,966 (Ala.Cr.App. 1983). In a challenge of the sufficiency of the evidence, an appellate court must consider the evidence in the light most favorable to the prosecution, and the appellate court will not substitute its judgment for that of the trier of fact. Brandon v. State, 542 So.2d 1316 (Ala.Cr.App. 1989). Therefore, when the evidence raises questions of fact for the jury and such evidence, if believed, is sufficient to sustain a conviction, the denial of a motion *Page 134 
for judgment of acquittal does not constitute error. Young v.State, 283 Ala. 676, 220 So.2d 843 (1969).
During the state's case-in-chief, Stanton positively identified the appellant as the man who sold him $20 worth of crack cocaine. Detectives Dawson and Hodge verified Stanton's account when they testified to what they had heard over the microphone concealed in Stanton's truck. Finally, Stanton, the detectives and Sherwin Boswell gave a detailed description of how they handled the contraband. This evidence, when viewed in the light most favorable to the state, was sufficient for the jury by fair inference to have found the appellant guilty of the unlawful distribution of a controlled substance beyond a reasonable doubt. The trial court properly denied his motion for a judgment of acquittal. See McIntyre v. State,571 So.2d 364 (Ala.Cr.App. 1990).
 II
The appellant's second contention is that the trial court erred when it allowed Detective Dawson to testify over the appellant's objection as to what he had heard take place as he listened to the microphone "wire" concealed in Stanton's truck. The appellant argues that Dawson's testimony as to that conversation was inadmissible hearsay. The state has failed to address this issue, other than to argue that the appellant did not preserve it with his objection. Nevertheless, we find that the appellant's objection was sufficient to preserve his issue for our review.
The contested testimony is Dawson's account of the conversation between Stanton and the appellant in which the two men agreed to a sale of crack cocaine. Dawson's account included several statements made by the appellant and by Stanton, all of which related to the drug transaction. Dawson's account of the drug transaction is found in the record as follows:
 "A. Basically Agent Stanton pulled up and asked could he get a twenty cent piece and Mr. Maddox told him yeah, he could, told him he knew where he could take him to get it and asked him if he knew where Holiday [Trailer Park] was over by the way and Agent Stanton told him he did and they rode from there over to Holiday. As a matter of fact, at one time Mr. Maddox saw our car on Opelika Road and made a comment, there's the raisins, there's Five-O.
"Q [The prosecutor:] Excuse me. He said what?
"A. There's the raisins.
"Q. Raisins?
"A. Yeah, that's a slang term for police officers.
"Q. Okay. Go ahead.
 "A. Went on over to Holiday and could hear him get out of the truck and then come back a little later and then at that point they went on and he dropped him off.
 "Q. From what you could hear you could hear the Defendant get out of the truck and later get back in?
"A. Yes, ma'am.
 "Q. Did you hear the exchange of the money for the cocaine? Could you hear what was said?
 "A. Yeah, he just, it sounded like he handed him something, a little movement and stuff."
Hearsay is characterized as any out-of-court statement that is "offered as tending to prove the truth of the matter stated." C. Gamble, McElroy's Alabama Evidence § 242.01(1) (4th ed. 1991). However, "[a] statement offered for some purpose other than to prove the truth of its factual assertions is not hearsay." Edwards v. State, 502 So.2d 846, 849
(Ala.Cr.App. 1986).
In the present case, we believe that Detective Dawson's account of the conversation he overheard was properly admitted, because the importance of the statements rested on some factor other than the truth of the matter stated. The appellant's only defense (as suggested by his cross-examination of the prosecution's witnesses) was that the drug transaction described in this conversation never took place. "The significance of this conversation was that it occurred, not that the matters asserted therein were true." Bankhead v.State, *Page 135 585 So.2d 97, 102 (Ala.Cr.App. 1989), aff'd in pertinent part,585 So.2d 112 (Ala. 1991). Whether Stanton had truly wanted "a twenty cent piece," or whether he actually knew where the Holiday Trailer Park was located was wholly irrelevant. The purpose of the statements was simply to demonstrate that an agreement was reached that led to the sale of crack cocaine. Moreover, the appellant's statements were otherwise admissible as admissions by a party-opponent. McLaney v. City ofMontgomery, 570 So.2d 881 (Ala.Cr.App. 1990).
In reaching this conclusion, we have found most helpful the discussion and rationale of Gayten v. State, 595 So.2d 409
(Miss. 1992). There, the court addressed the admissibility of testimony of an agent describing communications he had overheard via a wiretap that another officer was wearing during a drug purchase from a defendant, as follows:
 "Agent Frazier testified to statements Agent Frazier heard made by Officer Anderson. These statements were clearly offered solely for the purpose of showing that they were said. Just as clearly, the fact that these statements were made indicates the nature of the transaction and, in fact, that there was a transaction. But, the statements are not assertions which are important because they are true. Anderson's statement to the effect that what he wanted to buy some cocaine was, in fact, not true as to the only thing that it asserts, his state of mind. What he actually wanted was for Danny Gayten to sell some cocaine giving evidence sufficient to put Danny away. The statement is not offered to prove Anderson's subjective intent or desires but rather to show what it was to which the seller responded. Generally, words which accompany and give character to a transaction are not considered hearsay. See Edward W. Cleary et al., McCormick on Evidence, § 249, at 733 (3rd ed. 1984).
 "The trial judge did not err in allowing Agent Frazier's testimony of statements made by Officer Anderson. Cf. Peterson v. State, 518 So.2d 632, 640
(Miss. 1987). If the statement was offered to prove the truth of the assertion, that finding would not end our inquiry. Hearsay may be admissible if it falls within a hearsay exception. See generally, Miss.R.Evid. 803. When Officer Anderson stated that he wanted 'some caine,' this showed Officer Anderson's then existing state of mind, including his intent, plan or motive. See Miss.R.Evid. 803(3).
". . . .
 "Agent Frazier next testified to the statements made by a person believed to have been Danny Gayten. The first statement was that of the unidentified person stating that he would deal with Officer Anderson and the second was that of the unidentified person asking Officer Anderson what he wanted. Both statements were non-hearsay. The second statement was an inquiry and therefore cannot be construed as asserting anything at all. The first statement is admissible under the hearsay rule as both an admission, deemed not hearsay by our rule. See Miss.R.Evid. 801(d)(2) as well as a 803(3) exception to the hearsay rule. It may also be deemed a statement explanatory of a transaction and admissible for the fact that it was said. It is clear that the exchange, '[I want] some "caine" ' and 'I will deal,' or words to that effect, evince an agreement to purchase and sell cocaine without regard to whether they make truthful assertions."
595 So.2d at 414-15.
Accordingly, the judgment of the circuit court is hereby affirmed.
AFFIRMED.
All Judges concur. *Page 136