TAYLOR, Presiding Judge.
The appellant, Christopher Davis, was convicted on two counts of unlawfully distributing a controlled substance, violations of § 13A-12-211, Code of Alabama 1975. He was sentenced to 10 years’ imprisonment for each conviction. In addition, each conviction was enhanced 10 years pursuant to § 13 A-12-250 and § 13A-12-270 because the sales took place within 3 miles of a school and within 3 miles of a housing project. The sentences on each count were to run concurrently.
The state’s evidence tended to show that on February 3 and 4,1994, the appellant sold crack cocaine to Colin Scaife, a confidential informant working with the narcotics unit of the Pike County Sheriffs Department. At the time of the sales, Scaife wore a radio microphone that recorded the conversations and allowed Officer Bob Williamson to monitor the transaction.
I
The appellant contends that the testimony of Officer Bob Williamson was hearsay and that without Williamson’s testimony the evidence was insufficient to sustain a conviction. Williamson, via the radio microphone, listened to the drug sales from his patrol car and was allowed to testify as to the conversation he heard between the appellant and Scaife.
This issue was addressed in Maddox v. State, 620 So.2d 132 (Ala.Cr.App.1993). A police officer may testify to conversations heard through the use of a concealed microphone. The officer may recount statements made by the appellant and other individuals present during the drug transaction. Maddox. Such testimony does not constitute hearsay because it is not offered to prove the truth of its factual assertions and because “the appellant’s statements were otherwise admissible as admissions by a party-opponent.” Maddox, 620 So.2d at 135. There was no error here.
II
The appellant contends that there was a break in the chain of custody of the drug evidence. Specifically, the appellant asserts that the forensic report did not show what happened to the evidence after it was determined to be cocaine. However, the toxicologist testified that he turned the cocaine back over to Officer Williamson. Moreover, the state’s burden was met when it established the chain of custody of the cocaine from the appellant to the toxicologist. Congo v. State, 409 So.2d 475 (Ala.Cr.App.1981), cert, denied, 412 So.2d 276 (Ala.1982).
III
The appellant contends that the testimony of Scaife was unreliable because, he says, the listening device which recorded the transaction distorted some of the dialogue during the drug sale. However, the credibility of a witness is a matter for the jury, not this court, to determine. Rowell v. State, 647 So.2d 67 (Ala.Cr.App.1994). The authority cited by the appellant concerns the reliability of a confidential informant as it relates to a magistrate’s decision on whether to issue a search warrant. The appellant is not entitled to relief on this claim.
IV
The appellant contends that the trial court erred by not instructing the jury on the lesser included offense of possession of a controlled substance.
However, the evidence clearly indicated that the appellant was either guilty of the crime of distribution of a controlled substance or not guilty of any crime. Under the facts, presented by the evidence, the appellant was not entitled to a charge on the lesser offense of possession. See Powell v. State, 608 So.2d 411 (Ala.Cr.App.1992). “ ‘A defendant is likewise not entitled to charges on lesser included offenses when he denied committing the crime itself.’” Powell, 608 So.2d at 416, quoting Perry v. State, 455 So.2d 999 (Ala.Cr.App.1984).
V
The appellant contends that the trial court erroneously sentenced him to a single 20-year sentence on each conviction rather than a sentence of 10 years plus 2 additional *847 sentences of 5 years each based on the enhancement statutes. The appellant asserts that this alleged error has denied him an opportunity to qualify for incentive good time pursuant to § 14-9-41.[1]
For each conviction, the trial court used the following language in the sentencing order:
“[T]he Defendant CHRISTOPHER DAVIS is sentenced to serve TEN (10) YEARS IN THE PENITENTIARY, STATE OF ALABAMA, .... IT IS FURTHER ORDERED that pursuant to Title 13A-12-250, an ADDITIONAL FIVE (5) YEARS INCARCERATION IN THE PENITENTIARY, STATE ' OF ALABAMA IS IMPOSED.... IT IS FURTHER ORDERED that pursuant to Title 13A-12-270, an ADDITIONAL FIVE (5) YEARS INCARCERATION IN THE PENITENTIARY, STATE OF ALABAMA is imposed.... The sentence imposed and the two additional penalties ... are ORDERED to run CONSECUTIVE WITH EACH OTHER for a TOTAL OF TWENTY (20) YEARS IMPRISONMENT in this case.”
There is no error here. The appellant’s sentence is within the range prescribed by law. The trial court committed no error in sentencing the appellant to 20 years for each conviction regardless of the applicability of the Correctional Incentive Time Act.
For the foregoing reasons, the appellant’s convictions and sentences should be affirmed.
AFFIRMED.
All the Judges concur.

. § 14 — 9-41(e) states in pertinent part: "[N]o person may receive the benefits of correctional incentive time if he ... has received a sentence for more than 15 years ...”