FRY, Judge,
dissenting.
I respectfully disagree with the majority’s holding in its unpublished memorandum that the state presented sufficient evidence to sustain Stevens’s conviction for capital murder, a violation of § 13A-5-40(a)(17), Ala.Code 1975, and his sentence to life imprisonment without the possibility of parole.
“ ‘In a challenge [to] the sufficiency of the evidence, an appellate court must consider the evidence in the light most favorable to the prosecution, and the appellate court will not substitute its judgment for that of the trier of fact. Brandon v. State, 542 So.2d 1316 (Ala.Cr.App.1989). Therefore, when the evidence raises questions of fact for the jury and such evidence, if believed, is sufficient to sustain a conviction, the denial of a motion for judgment of acquittal does not constitute error. Young v. State, 283 Ala. 676, 220 So.2d 843 (1969).’ ”
Clay v. State, 687 So.2d 1245, 1248 (Ala.Cr.App.1996), quoting Maddox v. State, 620 So.2d 132, 133-34 (Ala.Cr.App.1993).
Stevens was charged with murder made capital because it was “committed by or through the use of a deadly weapon while the victim is in a vehicle.” § 13A-5-40(a)(17), Ala.Code 1975. The evidence adduced at trial unequivocally indicated that Stevens was not the shooter; therefore, the state prosecuted Stevens based on a theory of accomplice liability.
Section 13A-2-23, Ala.Code 1975, provides:
“A person is legally accountable for the behavior of another constituting a criminal offense if, with intent to promote or assist the commission of the offense:
“(1) He procures, induces or causes such other person to commit the offense; or
“(2) He aids or abets such other person in committing the offense.... ”
This Court has said:
“ ‘The participation in a crime and the community of purpose of the perpetrators need not be proved by direct or positive testimony, but may be inferred from circumstantial evidence.’ ”
Limbaugh v. State, 581 So.2d 5, 10 (Ala.Cr.App.1991), quoting Tice v. State, 460 So.2d 273, 279 (Ala.Cr.App.1984). “Aid and abet comprehend all assistance rendered by acts or words of encouragement or support or presence, actual or constructive, to render assistance should it become necessary.” Turner v. State, 674 So.2d 1371, 1376 (Ala.Cr.App.1995) (citations omitted). Our Supreme Court has previously held:
*1075 “A person’s mere presence at the time and place of a crime is not sufficient to justify a conviction for the commission of the crime. However, a person’s presence at the time and place where a crime is committed, along with other facts and circumstances tending to connect that person with the offense, may be enough to support a conviction.”
Ex parte Smiley, 655 So.2d 1091, 1094 (Ala.1995.)
The majority concludes that Stevens was an accomplice in the murder of David Collins, based on the following evidence presented at trial:
1. A witness testified that Stevens called Collins a coward on the morning of the murder;
2. A witness testified that Collins telephoned him from his vehicle just before the shooting and said that Stevens was following him in a vehicle;
3. Stevens admitted that he was a passenger in the backseat of the car and that he had ducked to the floorboard when Corey Jones, the passenger in the frontseat, shot into Collins’s vehicle;
4. Stevens admitted that the police followed their vehicle and that when the driver stopped the car, he ran away; and
5. Stevens admitted that in his first statement about the shooting he lied about who was driving the vehicle.
These facts unequivocally indicate that Stevens was present at the time and the place of the shooting. However, there are no additional facts and circumstances tending to connect Stevens with the killing of Collins — i.e., that Stevens knew that Jones was going to kill Collins and that he aided and abetted Jones in killing Collins. A verbal altercation, such as Steven’s calling Collins a coward, does not alone indicate that Stevens intended to kill Collins. While Stevens’s participation as an accomplice does not have to be proven by positive testimony, even the circumstantial evidence presented, viewéd in a light most favorable to the state, merely establishes that Stevens thought Collins was a coward, that he was a passenger in the vehicle from which Jones shot Collins, and that he ran from the vehicle when the vehicle came to a stop. There is simply no evidence, direct or circumstantial, in the record before us that Stevens incited or encouraged Jones to kill Collins. Nor is there any evidence that Stevens committed an act or provided any assistance to aid Jones in the killing of Collins. “Mere consent to a crime, when no aid is given and no encouragement rendered, does not amount to participation.” State v. Tally, 102 Ala. 25, 68, 15 So. 722, 738 (1894). Nor is there any evidence other than Stevens’s presence in the backseat of the vehicle that he was available to lend assistance in the killing of Collins. Cf. Reeves v. State, 530 So.2d 894 (Ala.Cr.App.1988).
“ ‘[N]o rule is more fundamental or better settled than that convictions cannot be predicated upon surmise, speculation, and suspicion to establish the accused’s criminal agency in the offense charged.’ Benefield v. State, 286 Ala. 722, 724, 246 So.2d 483, 485 (1971). Accord, Colley v. State, 41 Ala.App. 273, 275,128 So.2d 525, 527 (1961)....
“‘An inference can be drawn only from facts, and mere possibilities will not sustain a legitimate inference.’ Rungan v. State, 25 Ala.App. 287, 288, 145 So. 171, 172 (1932). ‘In our opinion the evidence, at best, did no more than give rise to a suspicion, surmise, or conjecture that appellant might be guilty as charged. And this of course was not enough.’ Orr v. State, 32 Ala.App. 77, 80, 21 So.2d 574, 576 (1945). See also Ammons v. State, 20 Ala.App. 283, 101 So. 511 (1924). ‘If the evidence raises a mere suspicion, or, admitting all it tends to prove, defendant’s guilt is left in un *1076 certainty, or dependent upon conjecture or probabilities, the court should instruct the jury to acquit.’ Jones v. State, 90 Ala. 628, 680, 8 So. 383, 384 (1890). ‘For circumstantial evidence to be sufficient to justify the court in submitting the case to the jury, it must be of such a character as to overcome, pri-ma facie, the presumption of innocence.’ Perry v. State, 11 Ala.App. 195, 196-97, 65 So. 683 (1914). ‘The scintilla rule [of evidence] has no application in a criminal prosecution, where the accused enters upon his trial clothed with the presumption of innocence.’ McKee v. State, 26 Ala.App. 589, 589, 164 So. 305 (1935).”
Greer v. State, 563 So.2d 39, 43 (Ala.Cr.App.1990). (Emphasis added.)
The majority appears to base its conclusions on inferences made from inferences. Inferences, however, must be based upon facts. I have read the record on direct appeal and I have listened to the recordings of Stevens’s statements. To establish that Stevens was an accomplice to the murder of Collins, “the State [had to] adduce some legal evidence implying that he either recruited, helped or counseled in preparing the [crime] or took or undertook some • part in its commission. Criminal agency in another’s offense is not shown merely by an exhibition of passivity.” Pugh v. State, 42 Ala.App. 499, 502, 169 So.2d 27 (1964). The facts in the record before us simply do not support a finding that the state presented evidence that Stevens aided and abetted Jones in the murder of Collins; therefore, I must respectfully dissent.
COBB, J., concurs.