In a two-count indictment, Maurice Jones was charged with the unlawful distribution of a controlled substance within a three-mile radius of a school, in violation of §§ 13A-12-211
and 13A-12-250, Code of Alabama 1975, and possession of a controlled substance, in violation of § 13A-12-212, Code of Alabama 1975. The jury found Jones guilty of the unlawful sale of a controlled substance, and Jones was sentenced to 15 years' imprisonment plus an additional 5 years' imprisonment under the three-mile radius enhancement provision of § 13A-12-250, Code of Alabama 1975.
 I
Jones contends that the trial court erred in denying his motions for judgment of acquittal and new trial because the State *Page 156 
failed to present sufficient evidence to support his conviction.
In reviewing the correctness of the trial court's ruling on a motion for judgment of acquittal, this court may consider only evidence before the trial court at the time the motion was made and must consider that evidence in the light most favorable to the prosecution. Barnes v. State, 565 So.2d 1274
(Ala.Cr.App. 1990). When this evidence, if believed, is sufficient to sustain a conviction, denial of the motion for acquittal or motion for new trial is not error. Metzger v.State, 565 So.2d 291 (Ala.Cr.App. 1990); Parrish v. State,494 So.2d 705 (Ala.Cr.App. 1985), cert. denied, (Ala. 1986).
Section 13A-12-211, Code of Alabama 1975, defines the crime of unlawful distribution of a controlled substance as follows:
 "(a) A person commits the crime of unlawful distribution of controlled substances if, except as otherwise authorized, he sells, furnishes, gives away, manufactures, delivers or distributes a controlled substance enumerated in schedules I through V."
After examining the evidence and applying the proper standards of review, we conclude that there was sufficient evidence presented by the State to allow the jury to conclude beyond a reasonable doubt that Jones was guilty of the crime as charged. In particular, the State presented the following evidence to establish that Jones was guilty of the sale of cocaine and that that sale occurred within three miles of a school:
On the evening of August 20, 1989, two undercover police officers observed Jones and Ken Gipson standing between two buildings in the Delaware Jackson apartment complex. One of the officers approached Jones and Gipson and asked whether they were "holding," i.e., whether they had drugs. Jones answered, "Yes, right here," motioning for the undercover officer to approach where he and Gipson were standing. Gipson was facing Jones when the officer first started toward them. After Jones and Gipson asked the officer what he needed and the officer told them that he wanted to purchase drugs, Gipson and Jones spoke. Gibson was still facing Jones, but now his hands were extended in front of him in the direction of Jones. Gipson then turned from Jones toward the officer and was holding a napkin containing what appeared to be a rock of crack cocaine in his hand. The officer gave Gipson $25, and Gipson gave the officer the crack cocaine that was in the napkin. The undercover officer then announced that he was a police officer, and Jones immediately took two steps, as though he were about to run. Just as Jones turned, however, another undercover officer was upon him. Jones stopped and threw something from his left hand. Police searched the area in which the object appeared to have been thrown. A 35-millimeter film canister containing 5 rocks of crack cocaine was found on the ground 20 to 30 feet from where the drug transaction occurred.
Jones contends that the State failed to establish that he had actual or constructive possession of the cocaine or that he sold the cocaine to the undercover officer. The State responds that, while the evidence establishes that Jones did not make the actual transfer of the cocaine to the undercover officer or receive money in payment for the cocaine from the officer, there is evidence from which it could be inferred that Jones and Gipson were involved in a joint venture for the purpose of selling crack cocaine. We agree with the State's position.
Section 13A-2-23, Code of Alabama 1975, provides:
 "A person is legally accountable for the behavior of another constituting a criminal offense, if with the intent to promote or assist the commission of the offense:
 "(1) He procures, induces or causes such other person to commit the offense; or
 "(2) He aids or abets such other person in committing the offense; or
 "(3) Having a legal duty to prevent the commission of the offense, he fails to make an effort he is legally required to make." *Page 157 
This statute encompasses any act or word contributing to the commission of a felony, which is intended and calculated to incite or encourage the accomplishment of the felony. Payne v.State, 487 So.2d 256 (Ala.Cr.App. 1986).
In the case at bar, the State's evidence established that Jones was more than a passive observer to the crime or a "broker," as he suggests. Jones procured the undercover officer buyer for the sale; he was present during the actual sale; he attempted to flee once he learned that the buyer was actually a police officer; and he attempted to get rid of cocaine in his possession once he had been discovered by the police. SeeCarlisle v. State, 465 So.2d 1205 (Ala.Cr.App. 1984), cert.denied, (Ala. 1985) (flight may be considered in determining extent of defendant's participation in crime) and Watkins v.State, 495 So.2d 92 (Ala.Cr.App.), cert. denied, (Ala. 1986) (defendant's actions after offense occurred may be considered in determining defendant's consciousness of guilt). All of the foregoing circumstances and the reasonable inferences to be drawn from them support the conclusion that Jones was an accomplice to the crime, and there was clearly sufficient evidence to warrant submitting the case to the jury and denying the motion for acquittal.
The trial court, moreover, properly denied the motion for new trial based upon the sufficiency of the evidence discussed above, which evidence was not refuted by the testimony presented on behalf of Jones at the hearing on his motion for new trial.
 II
Jones contends that the trial court incorrectly applied the three-mile radius enhancement provision to his case because (1) the drug transaction did not involve a student, school employee, or anyone connected to the school, and (2) the trial court has the discretion to allow the five-year additional sentence resulting from the application of the schoolyard enhancement statute to run concurrently with the sentence for the underlying offense and it did not do so. We disagree.
Section 13A-12-250, Code of Alabama 1975 provides:
 "In addition to any penalties heretofore or hereafter provided by law for any person convicted of an unlawful sale of a controlled substance, there is hereby imposed a penalty of five years incarceration in a state corrections facility with no provision for probation if the situs of such unlawful sale was on the campus or within a three-mile radius of the campus boundaries of any public or private school, college, university or other education institution in this state."
This court has consistently upheld the constitutionality of the schoolyard enhancement provision. See, e.g., McCall v.State, 565 So.2d 1163 (Ala.Cr.App.), cert. denied, (Ala. 1990) (construing predecessor statute § 20-2-79, Code of Alabama 1975), and Lane v. State, 564 So.2d 90 (Ala.Cr.App. 1990) (construing predecessor statute § 20-2-79, Code of Alabama 1975).
In Qualls v. State, 555 So.2d 1158 (Ala.Cr.App. 1989), cert.denied, (Ala. 1990), we stated that the legislative purpose of the schoolyard enhancement provision was to create a drug-free atmosphere and thereby protect the areas near schools, as well as the children, from the evils associated with drug activity and we held that the fact that the drug sale to which the provision is applied took place when school was not in session did not remove the seller from the enhancement provision.
Consistent with our holding in Qualls, we hold that §13A-12-250, Code of Alabama 1975, does not require that the underlying drug transaction involve a student, school employee, or anyone connected with the school in question.
With respect to Jones's corollary contention, this court inDixon v. State, 572 So.2d 512 (Ala.Cr.App. 1990), interpreted the language of § 13A-12-250 as intending that five years be "added to" or "tacked on" to the existing sentence. Hence the trial court correctly denied Jones's request that the 15-year underlying sentence and the 5-year additional term run concurrently. *Page 158 
The foregoing opinion was prepared by the Honorable JAMES H. FAULKNER, a former Alabama Supreme Court Justice, and his opinion is hereby adopted as that of the court.
The judgment of the circuit court is affirmed.
AFFIRMED.
All the Judges concur.