LONG, Presiding Judge.
The State of Alabama filed this petition for a writ of mandamus directing the Honorable James H. Hard IV, circuit judge for the Tenth Judicial Circuit, to reinstate the respondents’ original sentences of life imprisonment without the possibility of parole.
On April 28, 2000, Andre Dewayne Williams was convicted of trafficking in marijuana and was sentenced as a habitual felon with three prior convictions to life imprisonment without parole. On April 28, 2000, Spencer Currie was convicted of trafficking in cocaine and was sentenced as a habitual felon with three prior convictions to life imprisonment without parole. On May 25, 2000, Act. No. 2000-759, Ala. Acts 2000, which amends the Habitual Felony Offender Act, § 13A-5-9, Ala.Code 1975, became law. This amendment gives a trial court discretion to sentence a felony offender, with three prior felony convictions, none of which are Class A felonies, to life imprisonment or life imprisonment without the possibility of parole. On May 26, 2000, Currie filed a motion asking Judge Hard to reduce his sentence in light of this amendment. That same day Judge Hard reduced both Williams’s and Currie’s sentences to life imprisonment because neither had been convicted of a Class A felony. The State objected to Judge Hard’s actions. Judge Hard did not reinstate the original sentences; this petition followed.
The State cannot appeal Judge Hard’s reduction of the respondents’ sentences; thus, mandamus is the only available remedy here. See Ex parte Johnson, 669 So.2d 205 (Ala.), on remand, 669 So.2d 207 (Ala.Crim.App.1995), cert. denied, 516 U.S. 1116, 116 S.Ct. 919, 133 L.Ed.2d 849 (1996).
The State contends that Judge Hard was without jurisdiction to reduce Williams’s and Currie’s sentences to life imprisonment, because the amendment to the Habitual Felony Offender Act is prospective only; therefore, it argues, the amendment does not apply to Williams and Currie because Judge Hard had pronounced sentence in their cases before the effective date of the amendment. The State argues that the sentences were final on April 28, 2000 — the date that they were *81 pronounced. The State cites no caselaw in support of its position.
Section 1 of Act No. 2000-759 amends § 13A-5-9(c)(3) and § 13A-5-9(c)(2) to allow a trial court the discretion to reduce the term of imprisonment for habitual offenders. The newly amended § 13A-5-9(c)(3) reads: “On conviction of a Class A felony, where the defendant has no prior convictions for any Class A felony, he or she must be punished by imprisonment for life or life without the possibility of parole, in the discretion of the trial court.” The newly amended § 13A-5-9(c)(2) reads: “On conviction of a Class B felony, he or she must be punished by imprisonment for life or any term of not less than 20 years.” Section 3 of Act No. 2000-759 reads as follows:
“The provisions of Sections 1 and 2 shall be applied prospectively only and shall apply only to any case in which the sentence is not final at the trial court on the effective date of this act. Sections 1 and 2 shall not be construed to create a right of any person currently serving a term of imprisonment imposed pursuant to Section 13A-5-9, Code of Alabama 1975, prior to the effective date of this amendatory act to petition the parole board or court for review of his or her sentence based on Section 13A-5-9, Code of Alabama, as amended.”
(Emphasis added.)
Williams and Currie contend that the trial court was within its jurisdiction in reducing the sentences because, they argue, the sentences were reduced before the expiration of 30 days from the date on which they were pronounced. Prior case-law supports this position.
This Court has repeatedly stated that a trial court retains jurisdiction to modify a sentence for 30 days after sentence is pronounced. See Davis v. State, 644 So.2d 44 (Ala.Crim.App.1994); McGee v. State, 620 So.2d 145 (Ala.Crim.App.1993), after remand, 620 So.2d 147 (Ala.Crim.App.1993); Symanowski v. State, 606 So.2d 171 (Ala.Crim.App.1992); Martinez v. State, 602 So.2d 504 (Ala.Crim.App.1992); Massey v. State, 587 So.2d 448 (Ala.Crim.App.1991); Hill v. State, 562 So.2d 1386 (Ala.Crim.App.1990); Ex parte Hayden, 531 So.2d 940 (Ala.Crim.App.1988); State v. Green, 436 So.2d 803 (Ala.1983); Pickron v. State, 475 So.2d 593 (Ala.Crim.App.1984), aff'd, 475 So.2d 599 (Ala.1985), on remand, 475 So.2d 600 (Ala.Crim.App.1985). See Rule 24.1, Ala.R.Crim.P.
The wording of Section 3 of Act No. 2000-759 leads us to conclude that the Legislature did not intend the interpretation advanced by the State. Section 3 states that the amendment applies in any “case in which the sentence is not final at the trial court on the effective date of this act.” (Emphasis added.) If the Legislature had intended, as the State contends it did, for Act No. 2000-759 to have no application to any case after a sentence had been pronounced, then the Legislature could have said so in Section 3. There is a distinction between a sentence being pronounced and a sentence being final. “Final” is defined in Webster’s Collegiate Dictionary 436 (10th ed.1997) as “not to be altered or undone.” A sentence is final when it is incapable of being modified by the trial court.
Here, the sentences were reduced before the 30-day jurisdictional period expired. Judge Hard acted within his discretion in reducing the sentences in this case. For these reasons, the petition for a writ of mandamus is due to be denied.
PETITION DENIED.
McMILLAN, COBB, BASCHAB, and FRY, JJ., concur.