On Application for Rehearing
This court's opinion of December 22, 2000, is hereby withdrawn and the following is substituted therefor.
On June 19, 1997, the appellant, Tommie William Sanders, was convicted of unlawful distribution of a controlled substance, a violation of §13A-12-211, Ala. Code 1975, and unlawful possession of a controlled substance, a violation of § 13A-12-212, Ala. Code 1975. The trial court sentenced him, as a habitual offender, to serve concurrent terms of life in prison on the unlawful distribution conviction and 20 years in prison on the unlawful possession conviction. See § 13A-5-9(c), Ala. Code 1975. It also enhanced his sentence on the unlawful distribution conviction by five years because the sale occurred within three miles of a school and an additional five years because the sale occurred within three miles of a public housing project. See §§ 13A-12-250 and13A-12-270, Ala. Code 1975. We affirmed his convictions in an unpublished memorandum and issued a certificate of judgment on July 8, 1998. SeeSanders v. State, (CR-97-0052) 738 So.2d 937 (Ala.Crim.App. 1998) (table). The appellant has filed at least one previous Rule 32 petition, challenging his convictions. After the circuit court summarily denied the petition, we addressed the merits of the petition on appeal and affirmed the circuit court's judgment in an unpublished memorandum. See Sandersv. State, (CR-98-0306, March 26, 1999) 767 So.2d 421 (Ala.Crim.App. 1999) (table). On September 12, 2000, the appellant filed another Rule 32 petition, challenging his convictions. Without requiring a response from the State, the circuit court summarily denied the petition. This appeal followed.
Citing Jones v. United States, 526 U.S. 227, 119 S.Ct. 1215,143 L.Ed.2d 311 (1999), and Apprendi v. New Jersey, 530 U.S. 466,120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the appellant argues that, because the indictment did not allege and the jury did not find beyond a reasonable doubt that the sale occurred within three miles of a school and within three miles of a public housing project, the trial court improperly applied the schoolyard and public housing project enhancements to his sentence for unlawful distribution. However, applying an analysis underTeague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), several federal and state courts have concluded that Apprendi does not apply retroactively to cases on collateral review. See Levan v. UnitedStates, (No. Civ. 00-2146, January 18, 2001) 128 F. Supp.2d 270 (E.D.Pa. 2001); United States v. Brown, 2000 WL 1880280 (N.D.Tex. 2000); UnitedStates v. Gibbs, 125 F. Supp.2d 700 (E.D.Pa. 2000); Klein v. UnitedStates, 125 F. Supp.2d 460 (D.Wyo. 2000); United States v. Johnson,126 F. Supp.2d 1222 (D.Neb. 2000); United States v. Joseph, 2000 WL 1789989 (E.D.La. 2000); West v. United States, 123 F. Supp.2d 845 (D.Md. 2000);United States *Page 592 v. Pittman, 120 F. Supp.2d 1263 (D.Or. 2000); People v. Kizer,318 Ill. App.3d 238, 251 Ill.Dec. 925, 741 N.E.2d 1103 (2000). Similarly, we conclude that Apprendi does not apply retroactively to cases on collateral review. Therefore, the appellant's argument is without merit.
Because the appellant's argument is without merit, the circuit court properly summarily denied his petition. See Rule 32.7(d), Ala.R.Crim.P.;Bishop v. State, 608 So.2d 345 (Ala. 1992). We will affirm a circuit court's denial of a Rule 32 petition if it is correct for any reason.See Sumlin v. State, 710 So.2d 941 (Ala.Crim.App. 1998). Therefore, we need not address the propriety of the circuit court's finding that the petition was successive.
For the above-stated reasons, we affirm the circuit court's judgment.
OPINION OF DECEMBER 22, 2000, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING OVERRULED; AFFIRMED.
McMillan, P.J., and Cobb, Shaw, and Wise, JJ., concur.