The appellant, Deborah Brown Kirkland, was indicted for unlawfully selling a controlled substance, marijuana, a violation *Page 1260 
of § 13A-12-211, Ala. Code 1975.[1] A jury found the appellant guilty of the offense, as charged in the indictment. The trial court sentenced her, as a habitual felony offender with two prior felony convictions, to 15 years' imprisonment and, pursuant to the jury's specific findings, added the mandatory five-year enhancements of §§13A-12-250 and -270, resulting in the imposition of a 25-year sentence. The record indicates that the trial court suspended the 15-year portion of the 25-year sentence pursuant to the Split Sentence Act, § 15-18-8.
The trial court incorrectly concluded that, because the appellant was subject to three separate sentencing provisions (§§ 13A-5-9, 13A-12-250, and 13A-12-270), the appellant had three separate sentences of 15 years' imprisonment, 5 years' imprisonment, and 5 years' imprisonment. However, "[t]his Court has consistently treated sentences imposed pursuant to §§ 13A-12-250 and 13A-12-270, . . ., as enhancements to a base sentence and, thus, as part of a single aggregate sentence for an offense." State v. Corley, 831 So.2d 59, 61 (Ala.Crim.App. 2001). See,e.g., Hardy v. State, 576 So.2d 685, 688 (Ala.Crim.App. 1991) ("Section13A-12-250 works in concert with §§ 13A-12-211 and 13A-5-6 and effectively imposes only a single punishment for a single offense.").
Thus, the appellant's sentence is a single sentence of 25 years' imprisonment. Because her sentence is over 20 years' imprisonment, no portion of it can be suspended pursuant to the Split Sentence Act, §15-18-8, Ala. Code 1975 (Supp. 2001).[2] Accordingly, this case must be remanded for the trial court to impose a legal sentence, the minimum of which can be no less than 25 years' imprisonment.
On remand, the trial court is also to apply the mandatory assessments applicable to a conviction, pursuant to § 13A-12-211, for unlawful selling a controlled substance. Section 13A-12-281, a part of the Demand Reduction Assessment Act, mandates that a defendant convicted of violating § 13A-12-211 "shall be assessed . . . an additional penalty fixed at $1,000 for first offenders and $2,000 for second and subsequent offenders." Section 36-18-7(a), a part of the act creating the Alabama Forensic Services Trust Fund, mandates, for a person convicted under § 13A-12-211, that "there shall be imposed or assessed an additional fee of one hundred dollars ($100)." Finally, pursuant to § 15-23-17, the Alabama Crime Victims Compensation Act, the appellant should be assessed not less than $50 or more than $10,000 for her felony conviction.
The trial court shall take necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 42 days of the release of this opinion. The return to remand shall include a transcript of the resentencing proceedings conducted by the trial court. *Page 1261 
In a separate unpublished memorandum, we are today affirming the appellant's conviction. We find that her sole issue of the sufficiency of the evidence does not warrant discussion in this opinion.
The foregoing opinion was prepared by Retired Appellate Judge John Patterson while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e).
AFFIRMED BY UNPUBLISHED MEMORANDUM AS TO CONVICTION*; REMANDED FOR RESENTENCING**.
McMillan, P.J., and Baschab and Wise, JJ., concur. Shaw, J., dissents, with opinion, which Cobb, J., joins.
[1] The original indictment had been amended on motion of the prosecution to allege also that the sale occurred within three miles of an educational institution and within three miles of a public housing project, see §§ 13A-12-250 and -270, Ala. Code 1975, respectively.
[2] Section 2 of Act No. 2000-759, Ala. Acts 2000 (effective May 25, 2000), amended the pertinent part of § 15-18-8(1) to increase the maximum sentence subject to being split from 15 years' imprisonment to 20 years' imprisonment. Section 3 of the Act (which was not codified, but was noted in Code Commissioner's Notes following § 15-18-8 in Supp. 2001) states, in part, that the provisions of Section 2 "shall be applied prospectively only and shall apply only to any case in which the sentenceis not final at the trial court on the effective date of this act." (Emphasis added.) The appellant was sentenced on August 14, 2001; therefore, the amended version of § 15-18-8 applies.
* Note from the reporter of decisions: This case will also appear on a table of decisions without opinions.
** Note from the reporter of decisions: On May 24, 2002, on return to remand, the Court of Criminal Appeals affirmed without opinion. On August 16, 2002, that court denied rehearing, without opinion. On November 8, 2002, the Supreme Court denied certiorari review, without opinion (1012216).