844 So.2d 625 (2002)
Bernard FOSTER
v.
STATE of Alabama.
CR-01-0744.
Court of Criminal Appeals of Alabama.
May 31, 2002.
Bernard Foster, pro se.
William H. Pryor, Jr., atty. gen., and Jean A. Therkelsen, asst. atty. gen., for appellee.
PER CURIAM.
Bernard Foster appeals the circuit court's summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked his April 17, 2000, guilty-plea conviction for unlawful distribution of a controlled substance. He was sentenced, on May 23, 2000, as a habitual offender with one prior felony *626 conviction, to 15 years' imprisonment, enhanced by an additional 5 years' imprisonment pursuant to § 13A-12-250, Ala.Code 1975, and an additional 5 years' imprisonment pursuant to § 13A-12-270, Ala.Code 1975. The 15-year base sentence was suspended, and Foster was placed on 2 years' probation. He did not appeal.
Foster filed the present petition on July 17, 2001. In his petition, Foster alleged (1) that, pursuant to Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the trial court lacked jurisdiction to enhance his sentence pursuant to §§ 13A-12-250 and 13A-12-270 because, he said, the enhancements had not been charged in the indictment, and (2) that his guilty plea was involuntary because, he said, the trial court and the prosecutor promised him that he would earn good time while serving the 10-year enhanced portion of his sentence. After receiving a response from the State, the circuit court summarily denied Foster's petition on October 31, 2001.
The circuit court properly denied Foster's first claim, as set out above, because it lacks merit. This Court has held that Apprendi does not require that the enhancement provisions in §§ 13A-12-250 and 13A-12-270 be charged in the indictment. See Poole v. State, 846 So.2d 370 (Ala.Crim.App.2001). This Court has also held that Apprendi does not apply retroactively to cases on collateral review. See Sanders v. State, 815 So.2d 590 (Ala.Crim. App.), cert. denied, 534 U.S. 956, 122 S.Ct. 358, 151 L.Ed.2d 271 (2001). Therefore, the circuit court properly denied this claim.
The second claim, as set out above, was also properly denied because it is refuted by the transcript of the guilty-plea colloquy and sentencing hearing, which the State attached to its motion to dismiss Foster's petition. Although Foster argues that the trial court and the prosecutor promised that he would earn good time while he was serving the 10-year enhanced portion of his sentence, which § 14-9-41, Ala.Code 1975, prohibits, see State v. Corley, 831 So.2d 59 (Ala.Crim.App.2001), and that the promise that he would earn good time induced him to plead guilty, the transcript reflects that neither the State nor the trial court promised Foster anything. Although there was a discussion regarding the possibility of Foster earning good time (it is clear from that discussion that both the prosecutor and the trial court mistakenly believed that Foster would be eligible to earn good time), that discussion did not include any promises, and it did not take place until the sentencing hearing, which was held over a month after Foster had pleaded guilty. The transcript reflects that good time was never mentioned before or during the guilty-plea colloquy. Clearly, Foster's guilty plea could not have been improperly induced by a discussion that occurred over a month after he had already pleaded guilty. Therefore, Foster's claim that his guilty plea was involuntary because he was promised good time is meritless; the circuit court properly denied it.
Although we find that summary denial of Foster's Rule 32 claims was proper, we also find that Foster's sentence was illegal. "Matters concerning unauthorized sentences are jurisdictional," Hunt v. State, 659 So.2d 998, 999 (Ala.Crim.App. 1994); therefore, we may take notice of an illegal sentence at any time. See, e.g., Pender v. State, 740 So.2d 482 (Ala.Crim. App.1999). As noted above, Foster was sentenced to 15 years' imprisonment, enhanced by an additional 5 years' imprisonment pursuant to § 13A-12-250, and an additional 5 years' imprisonment pursuant *627 to 13A-12-270. The trial court suspended the 15-year base sentence and ordered Foster to serve the 10-year enhanced portion of his sentence. However, the trial court did not have jurisdiction to split Foster's sentence pursuant to the Split Sentence Act, § 15-18-8, Ala.Code 1975. "This Court has consistently treated sentences imposed pursuant to §§ 13A-12-250 and 13A-12-270, Ala.Code 1975, as enhancements to a base sentence and, thus, as part of a single aggregate sentence for an offense." Corley, 831 So.2d at 61. Foster's sentence was a single sentence of 25 years' imprisonment and, thus, could not be split pursuant to § 15-18-8.[1] See Kirkland v. State, [Ms. CR-00-2494, February 1, 2002] ___ So.2d ____ (Ala.Crim. App.2002). Therefore, we must remand this case to the circuit court for it to conduct another sentencing hearing and to resentence Foster.
Based on the foregoing, the circuit court did not err in summarily denying Foster's Rule 32 claims; however, this case is remanded to the circuit court for resentencing. Due return should be filed with this Court no later than 42 days from the date of this opinion.
REMANDED WITH DIRECTIONS.[*]
McMILLAN, P.J., and BASCHAB and WISE, JJ., concur. SHAW, J., concurs in part and dissents in part, with opinion. COBB, J., dissents, with opinion.
SHAW, Judge, concurring in part and dissenting in part.
I agree that the circuit court properly denied Bernard Foster's claim in his Rule 32 petition that his guilty plea was involuntary. I also agree with the general proposition that a trial court lacks jurisdiction, under § 15-18-8, Ala.Code 1975, to split a sentence exceeding 20 years. However, I would not reach that issue because Foster's conviction and sentence were not final at the time Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), was decided and, therefore, I would reverse Foster's sentence and remand the case for resentencing without application of the sentence enhancements in §§ 13A-12-250 and 13A-12-270, Ala.Code 1975, in accordance with my special writing in Poole v. State, 846 So.2d 370, 389 (Ala. Crim.App.2001) (Shaw, J., concurring in the result).
COBB, Judge, dissenting.
Foster's sentence was enhanced pursuant to §§ 13A-12-250 and -270, Ala.Code 1975. Because I believe that the circuit court did not properly adhere to the requirements of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and because I believe that those requirements are jurisdictional, I would reverse Foster's sentence and remand this cause for the circuit court to resentence Foster without applying those enhancements. See Poole v. State, 846 *628 So.2d 370, 398 (Ala.Crim.App.2001) (Cobb, J., dissenting). Therefore, because I believe the circuit court should have granted the relief requested in the petition as to this issue, I respectfully dissent.
NOTES
[1] Section 2 of Act No. 2000-759, Ala. Acts 2000, effective May 25, 2000, amended § 15-18-8 to increase the maximum sentence subject to being split from 15 years to 20 years. Section 3 of the Act provides, in part, that the provisions in Section 2 "shall be applied prospectively only and shall apply only to any case in which the sentence is not final at the trial court on the effective date of this act." Although Foster was sentenced on May 23, 2000, two days before the effective date of the Act, his sentence was not final until 30 days after it was imposed. See, e.g., State v. Williams, 819 So.2d 79 (Ala.Crim.App.2000). Therefore, the amended version of § 15-18-8 applies in Foster's case.
[*] Note from the reporter of decisions: On August 23, 2002, on return to remand, the Court of Criminal Appeals affirmed, without opinion.