On Return to Remand

PER CURIAM.
This Court’s opinion of March 1, 2002, is withdrawn and the following is substituted therefor.
On February 21, 2001, Robert Covington Conner was convicted of the unlawful sale of a controlled substance, a violation of § 13A-12-211, Ala.Code 1975. On April 23, 2001, the trial judge sentenced him, as an habitual felony offender, to 20 years’ imprisonment. See § 13A-5-9(c)(2), Ala. Code 1975. That sentence was split, and he was ordered to serve three years in prison. The trial judge enhanced the sentence, pursuant to §§ 13A-12-250, and -270, Ala.Code 1975, because the sale occurred within three miles of a school and within three miles of a housing project. Each 5-year enhancement was to run consecutively to the other and to the 20-year sentence for the underlying felony. Conner was ordered to pay $50 to the Victims Compensation Fund and was assessed a $1,000 fine pursuant to the Demand Reduction Assessment Act. See § 13A-12-281(a), Ala.Code 1975.
Conner filed a motion for a new trial on May 22, 2001, and the trial judge denied his motion on June 18, 2001. Conner filed a written notice of appeal on August 23, 2001; that appeal was dismissed as being untimely. Conner filed a Rule 32, Ala. R.Crim. P., petition seeking to be allowed to file an out-of-time appeal. This Court, on September 17, 2001, granted an out-of-time appeal.
Conner raises two issues on appeal, and we address each in turn.
First, Conner argues that the trial court erroneously allowed the State to amend the indictment to include the enhancements found in §§ 13A-12-250 and -270, Ala.Code 1975. We disagree.
Conner was indicted for the unlawful distribution of a controlled substance under § 13A-12-211, Ala.Code 1975. On September 21, 2000, nearly five months before trial, the State filed a motion to *297 amend the indictment to charge the enhancements under §§ 13A-12-250 and -270, Ala.Code 1975. Over Conner’s objection, the trial judge granted the State’s motion to amend the indictment.
Rule 13.5(a), Ala. R.Crim. P., allows the court to “permit a charge to be amended without the defendant’s consent, at anytime before verdict or finding, if no additional or different offense is charged and if the substantial rights of the defendant are not prejudiced.”
According to Poole v. State, 846 So.2d 370 (Ala.Crim.App.2001), location is not included in the definition of the offense of distribution of a controlled substance. Poole, citing Apprendi v. New Jersey, 530 U.S. 466, 484, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), states “[t]he location of the crime is relevant only to the sentence [the defendant] may receive and not to whether, in fact, [the defendant] committed the offense of distributing a controlled substance as charged in the indictment.” Poole v. State, 846 So.2d at 386. In Poole, this Court also held it is not necessary to include in the indictment enhancements under § 13A-12-250 and § 13A-12-270. Amending the indictment to include those enhancements amounts to mere surplus-age, and “ ‘[a]s long as the remaining portions of the indictment validly charge a crime, the existence of surplusage in the indictment will not [a]ffeet the validity of a conviction.’” Rogers v. State, 539 So.2d 451, 453 (Ala.Crim.App.1988)(quoting Johnson v. State, 405 So.2d 149, 153 (Ala.Crim.App.1981)). See also Tucker v. State, 833 So.2d 668, 670 (Ala.Crim.App.2001)(amendment to indictment adding three-mile enhancements merely adding location was surplusage, as the enhancements did not have to be alleged at all and did not add a material element to the crime charged).
The indictment in this case was amended before trial; no additional or different offenses were charged; and Conner has presented no evidence indicating that his substantive rights were affected. Therefore, this Court finds his claim to be without merit.
Next, Conner contends that the sentence imposed by the circuit court is improper. Specifically, he argues that “the trial judge could not use discretion because mandatory sentencing has overlapped his discretion.” (Conner’s brief, p. 20.) We disagree.
Section 15-18-8(a), Ala.Code 1975, as amended, provides, in pertinent part:
“(a) When a defendant is convicted of an offense and receives a sentence of 20 years or less in any court having jurisdiction to try offenses against the State of Alabama and the judge presiding over the case is satisfied that the ends of justice and the best interests of the public as well as the defendant will be served thereby, he or she may order:
“(1) That the convicted defendant be confined in a prison, jail-type institution, or treatment institution for a period not exceeding three years in cases where the imposed sentence is not more than 15 years, and that the execution of the remainder of the sentence be suspended notwithstanding any provision of the law to the contrary and that the defendant be placed on probation for such period and upon such terms as the court deems best. In cases involving an imposed sentence of greater than 15 years, but not more than 20 years, the sentencing judge may order that the convicted defendant be confined in a prison, jail-type institution, or treatment institution for a period not exceeding five years, but not less than three years....”
*298 In the March 1, 2002, opinion that we are withdrawing today, this Court remanded this cause to the trial court for that court to resentence Conner, should that court have found it appropriate, in accordance with § 15 — 18—8(a)(1), Ala.Code 1975, as amended effective May 25, 2000. In the March 1, 2002, opinion, this Court held that, based Soles v. State, 820 So.2d 163 (Ala.Crim.App.2001), a remand was appropriate to allow the trial court the opportunity to split or suspend the enhancements, should that court find it appropriate under the facts and circumstances presented in the present case.
This Court now recognizes that Conner’s original sentence was erroneous for reasons other than those identified in our March 1, 2002, opinion. The Split Sentence Act, § 15-18-8, Ala.Code 1975, allows the trial court to split a sentence of 20 years or less. However, “[t]his Court has consistently treated sentences imposed pursuant to §§ 13A-12-250 and 13A-12-270, Ala.Code 1975, as enhancements to a base sentence and, thus, as part of a single aggregate sentence for an offense.” State v. Corley, 831 So.2d 59 (Ala.Crim.App.2001). Therefore, Conner’s minimum sentence is 30 years, and no part of that 30-year sentence was eligible to be split pursuant to § 15-18-8, Ala.Code 1975. Conner’s original sentence was erroneous in that the trial judge split the 20-year sentence and ordered Conner to serve 3 years in prison. Based on the principles discussed above, the trial judge was without jurisdiction to split any portion of Conner’s sentence.
The trial court is directed to vacate its order resentencing the appellant, and that court is directed to impose a legal sentence, the minimum of which is 30 years in prison. See, e.g., Foster v. State, 844 So.2d 625 (Ala.Crim.App.2002); Kirkland v. State, 850 So.2d 1259 (Ala.Crim.App.2002). The trial court is also directed to apply the mandatory assessments for a conviction pursuant to § 13A-12-211, Ala.Code 1975, for the unlawful sale of a controlled substance. §§ 13A-12-281, 36-18-7(a), and 15-23-17, Ala.Code 1975.
The circuit court is to take necessary action to make due return to this Court within 42 days of the release of this opinion. The return to remand shall include a record of the resentencing proceedings conducted by the trial court.
OPINION OF MARCH 1, 2002, WITHDRAWN; OPINION SUBSTITUTED; REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and BASCHAB and WISE, JJ., concur. COBB and SHAW, JJ., dissent, with opinions.

 Note from the reporter of decisions: On October 1, 2002, the Court of Criminal Appeals dismissed the appeal, without opinion.