860 So.2d 900 (2002)
Paul Michael CALLOWAY
v.
STATE of Alabama.
CR-01-0771.
Court of Criminal Appeals of Alabama.
May 31, 2002.
Opinion on Return to Remand on Second Application for Rehearing January 7, 2003.
*901 Ronnie Hugh Blackwood, Birmingham, for appellant.
Paul Michael Calloway, pro se.
William H. Pryor, Jr., atty. gen., and Michael B. Billingsley, asst. atty. gen., for appellee.

*902 On Application for Rehearing

PER CURIAM.
The unpublished memorandum issued April 19, 2002, is withdrawn and the following opinion is substituted therefor.
Paul Michael Calloway appeals the circuit court's summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked the sentence imposed for his November 6, 2000, guilty-plea conviction for the unlawful distribution of a controlled substance.[1] Calloway was sentenced, as a habitual offender, to 20 years' imprisonment, enhanced by an additional 5 years' imprisonment pursuant to § 13A-12-250, Ala.Code 1975, and an additional 5 years' imprisonment pursuant to § 13A-12-270, Ala.Code 1975. The 20-year base sentence was split, and Calloway was ordered to serve 3 years in confinement followed by 5 years on probation. Calloway did not appeal.
On November 2, 2001, Calloway filed the present Rule 32 petition. In his petition, Calloway alleged that the trial court lacked jurisdiction to enhance his sentence under §§ 13A-12-250 and 13A-12-270; that his enhanced sentence exceeded the maximum authorized by law; and that his trial counsel was ineffective for allowing his sentence to be so enhanced. All of Calloway's claims are based on the United States Supreme Court's holding in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which, Calloway argues, requires that the enhancements in §§ 13A-12-250 and 13A-12-270 be charged in the indictment.
However, this Court has held that Apprendi does not require that the enhancement provisions in §§ 13A-12-250 and 13A-12-270 be charged in the indictment. See Poole v. State, 846 So.2d 370 (Ala.Crim.App.2001). This Court has also held that Apprendi does not apply retroactively to cases on collateral review. See Sanders v. State, 815 So.2d 590 (Ala.Crim. App.2001). Therefore, Calloway's claims are meritless and the circuit court properly denied his Rule 32 petition.
Although we find that summary denial of Calloway's Rule 32 claims was proper, we also find that Calloway's sentence was illegal. "Matters concerning unauthorized sentences are jurisdictional," Hunt v. State, 659 So.2d 998, 999 (Ala. Crim.App.1994); therefore, we may take notice of an illegal sentence at any time. See, e.g., Pender v. State, 740 So.2d 482 (Ala.Crim.App.1999). As noted above, Calloway was sentenced to 20 years' imprisonment, enhanced by an additional 5 years' imprisonment pursuant to § 13A-12-250, and an additional 5 years' imprisonment pursuant to § 13A-12-270. The trial court then split the 20-year base sentence and ordered Calloway to serve 3 years' imprisonment on the base sentence plus the 10-year enhanced portion of his sentence. However, the trial court did not have jurisdiction to split Calloway's sentence pursuant to the Split Sentence Act, § 15-18-8, Ala.Code 1975. "This Court has consistently treated sentences imposed pursuant to §§ 13A-12-250 and 13A-12-270, Ala.Code 1975, as enhancements to a base sentence and, thus, as part of a single aggregate sentence for an offense." State v. Corley, 831 So.2d 59, 61 (Ala.Crim.App. 2001). Calloway's sentence was a single sentence of 30 years' imprisonment and, thus, could not be split pursuant to § 15-18-18.[2] *903 See Kirkland v. State, 850 So.2d 1259 (Ala.Crim.App.2002). Therefore, we must remand this case to the circuit court for it to conduct another sentencing hearing and to resentence Calloway.
Based on the foregoing, the circuit court did not err in summarily denying Calloway's Rule 32 claims; however, this case is remanded to the circuit court for resentencing. Due return should be filed with this Court no later than 42 days from the date of this opinion.
UNPUBLISHED MEMORANDUM OF APRIL 19, 2002, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING OVERRULED; REMANDED WITH DIRECTIONS.
McMILLAN, P.J., and BASCHAB and WISE, JJ., concur. SHAW, J., dissents, with opinion, which COBB, J., joins.
SHAW, Judge, dissenting.
Although I agree with the general proposition that a trial court lacks jurisdiction, under § 15-18-8, Ala.Code 1975, to split a sentence exceeding 20 years, I would not reach that issue because I would reverse the circuit court's denial of Paul Michael Calloway's Rule 32, Ala.R.Crim.P., petition and remand the case for resentencing in accordance with my special writing in Poole v. State, 846 So.2d 370, 389 (Ala. Crim.App.2001) (Shaw, J., concurring in the result).

On Return to Remand and On Second Application for Rehearing
PER CURIAM.
This Court's unpublished memorandum issued on return to remand on September 20, 2002, is withdrawn and the following opinion is substituted therefor.
On November 2, 2001, Paul Michael Calloway filed a Rule 32, Ala.R.Crim.P., petition for postconviction relief, attacking the sentence imposed as the result of his November 6, 2000, guilty-plea conviction for the unlawful distribution of a controlled substance. Calloway had been sentenced, as a habitual offender, to 20 years' imprisonment, enhanced by an additional 5 years' imprisonment pursuant to § 13A-12-250, Ala.Code 1975, and an additional 5 years' imprisonment pursuant to § 13A-12-270, Ala.Code 1975, for a total of 30 years' imprisonment. The 20-year base sentence was split and he was ordered to serve 3 years in confinement on the base sentence, followed by 5 years on probation. In addition, he was ordered to serve the 10-year enhancement in confinement, consecutively to the 3-year confinement on the base sentence. In total, Calloway was ordered to serve 13 years in confinement.
In his petition, Calloway alleged that the trial court lacked jurisdiction to enhance his sentence under §§ 13A-12-250 and 13A-12-270; that the sentence exceeded the maximum authorized by law; and that his trial counsel was ineffective for allowing his sentence to be enhanced. All of Calloway's claims were based on the United States Supreme Court's holding in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which, Calloway argued, required that the enhancements be charged in the indictment. The circuit court summarily denied Calloway's petition, and this Court initially affirmed the denial  on the ground that the enhancements did not have to be charged in the indictment  in an unpublished memorandum issued on April 19, 2002. See Calloway v. State, (No. CR-01-0771) 860 So.2d 919 (Ala.Crim.App.2002)(table).

*904 Calloway filed an application for rehearing, and this Court withdrew its unpublished memorandum and issued a published opinion, on May 31, 2002, again affirming the circuit court's summary denial of Calloway's petition, but holding that Calloway's sentence was illegal and remanding the case for resentencing. See Calloway v. State, 860 So.2d 900 (Ala.Crim.App.2002). Specifically, we stated:
"Calloway was sentenced to 20 years' imprisonment, enhanced by an additional 5 years' imprisonment pursuant to § 13A-12-250, and an additional 5 years' imprisonment pursuant to § 13A-12-270. The trial court then split the 20-year base sentence and ordered Calloway to serve 3 years' imprisonment on the base sentence plus the 10-year enhanced portion of his sentence. However, the trial court did not have jurisdiction to split Calloway's sentence pursuant to the Split Sentence Act, § 15-18-8, Ala.Code 1975. `This Court has consistently treated sentences imposed pursuant to §§ 13A-12-250 and 13A-12-270, Ala.Code 1975, as enhancements to a base sentence and, thus, as part of a single aggregate sentence for an offense.' State v. Corley, 831 So.2d 59, 61 (Ala.Crim.App.2001). Calloway's sentence was a single sentence of 30 years' imprisonment and, thus, could not be split pursuant to § 15-18-8. See Kirkland v. State, 850 So.2d 1259 (Ala.Crim.App.2002). Therefore, we must remand this case to the circuit court for it to conduct another sentencing hearing and to resentence Calloway."
860 So.2d at 902-03 (footnote omitted).
The circuit court complied with our instructions, appointed an attorney to represent Calloway, and conducted another sentencing hearing on August 7, 2002. The circuit court again sentenced Calloway to 20 years' imprisonment, enhanced by an additional 10 years' imprisonment pursuant to §§ 13A-12-250 and 13A-12-270; this time, the base sentence was not split. During the second sentencing hearing, Calloway moved to withdraw his guilty plea, arguing that he was never informed, pursuant to Rule 14.4(a)(1)(ii), Ala.R.Crim. P., that the minimum sentence he could receive was 30 years' imprisonment and that his plea had been part of a plea agreement with the State in which he had been promised that the 20-year base sentence would be split. The circuit court, correctly recognizing that our remand order had been very limited and that granting Calloway's motion to withdraw his guilty plea would have been outside of its jurisdiction on remand, denied the motion. Calloway then filed a written motion to reconsider, which, the circuit court also denied. On return to remand, this Court initially affirmed the circuit court's resentencing of Calloway in an unpublished memorandum issued on September 20, 2002.
However, Calloway has now filed an application for rehearing of our action on return to remand requesting that we again remand this case to allow him to withdraw what he says has become, based on this Court's original opinion remanding the case for resentencing, an involuntary guilty plea. Calloway argues, as he did at the second sentencing hearing, that he was never informed during the guilty-plea colloquy that the minimum sentence he could receive was 30 years' imprisonment and that his plea agreement with the State had called for the 20-year base sentence to be split under § 15-18-8, Ala.Code 1975. We agree that Calloway should be allowed to withdraw his plea.
Initially, we point out that Calloway did not plead in his Rule 32 petition *905 that his guilty plea had been part of a plea agreement with the State and that the original record filed with this Court contained nothing relating to Calloway's guilty plea. Therefore, when this Court remanded this case to the circuit court for resentencing, our remand order was very limited in scope: the circuit court was directed to resentence Calloway. The circuit court, based on this Court's limited remand order, had no choice but to deny Calloway's motion to withdraw his guilty plea. To do otherwise would have exceeded its jurisdiction on remand. See, e.g., Anderson v. State, 796 So.2d 1151, 1156 (Ala.Crim.App.2000) (opinion on return to remand)("any act by a trial court beyond the scope of an appellate court's remand order is void for lack of jurisdiction"). Therefore, the circuit court correctly denied Calloway's motion to withdraw his guilty plea.
However, Calloway's application for rehearing squarely presents the issue whether his resentencing rendered his guilty plea involuntary, an issue that was properly raised and preserved for appellate review at the second sentencing hearing. We recognize the general rule that issues not raised on appeal originally cannot be considered on application for rehearing. See, e.g., Ex parte Howell, 431 So.2d 1328 (Ala.1983). However, in this case, the issue presented for the first time on rehearing  whether the circuit court's resentencing rendered Calloway's guilty plea involuntary  could not have been raised on the initial appeal because the issue was not created until after the initial appeal had been decided, i.e., after this Court remanded the case for resentencing. Therefore, we believe that, under the particular circumstances in this case, we should address Calloway's claim.
At the time Calloway pleaded guilty, Rule 14.4, Ala.R.Crim.P., provided, in part:
"(a) Colloquy With Defendant. In all minor misdemeanor cases, the execution of a form similar to Form 68 will be sufficient and no colloquy shall be required. In all other cases, except where the defendant is a corporation or an association, the court shall not accept a plea of guilty without first addressing the defendant personally in the presence of counsel in open court for the purposes of:
"(1) Ascertaining that the defendant has a full understanding of what a plea of guilty means and its consequences, by informing the defendant of and determining that the defendant understands:
"....
"(ii) The mandatory minimum penalty, if any, and the maximum possible penalty provided by law, including any enhanced sentencing provisions;

"....
"(e) Withdrawal of Guilty Plea. The court shall allow withdrawal of a plea of guilty when necessary to correct a manifest injustice. Upon withdrawal of a guilty plea, the charges against the defendant as they existed before any amendment, reduction, or dismissal made as part of a plea agreement shall be reinstated automatically."[1]
(Emphasis added.)
"Alabama courts `have consistently held that a defendant must be informed of the maximum and minimum possible sentences as an absolute constitutional prerequisite to the acceptance of a guilty plea.'" Carter v. State, 812 So.2d 391, 394 (Ala.Crim.App.2001), quoting Ex parte Rivers, 597 So.2d 1308, 1309 (Ala. 1991). "It is well settled, moreover, that *906 `if the appellant's sentence could be enhanced under any of the enhancement statutes, the appellant should be informed of the additional sentence he could receive under the applicable enhancement statute.' " Aaron v. State, 673 So.2d 849, 849-50 (Ala.Crim.App.1995), quoting Elrod v. State, 629 So.2d 58, 59 (Ala.Crim.App. 1993). "When an accused who pleads guilty does so on the basis of misinformation as to the range of punishment the guilty plea is involuntary." Handley v. State, 686 So.2d 540, 541 (Ala.Crim.App. 1996).
The record submitted to this Court on return to remand includes a transcript of the guilty-plea colloquy. During the colloquy, the trial court informed Calloway that, as a habitual offender with three prior felony convictions, the minimum sentence he could receive for the offense of unlawful distribution of a controlled substance, a Class B felony, was 20 years' imprisonment, and that the sentence could be enhanced by an additional 10 years' imprisonment under §§ 13A-12-250 and 13A-12-270. Therefore, Calloway was properly informed of the minimum sentence he could receive; he was not entitled to withdraw his plea on this ground.
However, the colloquy also affirmatively shows that the sentence Calloway originally received  20 years plus 10 years, with the 20-year base sentence split to serve 3 years in confinement  was, in fact, part of a plea agreement with the State. Rule 14.3(c)(2)(iv), Ala.R.Crim.P., provides that if a trial court rejects a plea agreement, it must "[a]fford the defendant the opportunity to withdraw the defendant's offer to plead guilty." "The law is clear: if a trial court refuses to abide by the terms of a plea agreement, it must grant the defendant's timely motion to withdraw the plea." Taylor v. State, 677 So.2d 1284, 1285 (Ala.Crim.App.1996). See also Ex parte Otinger, 493 So.2d 1362 (Ala.1986); Nelson v. State, [Ms. CR-01-1515, November 22, 2002] ___ So.2d ___ (Ala.Crim.App.2002); Moore v. State, 719 So.2d 269 (Ala.Crim.App.1998); Clark v. State, 655 So.2d 50 (Ala.Crim.App.1995); and Brown v. State, 495 So.2d 729 (Ala. Crim.App.1986). The reasoning behind this is that "when a plea rests in any significant degree on a promise or agreement of the prosecutor ... so that it can be said to be part of the inducement or consideration, such promise or agreement must be fulfilled." Ex parte Otinger, 493 So.2d at 1364, citing Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971)(emphasis omitted).
In this case, the trial court actually accepted the plea agreement and sentenced Calloway in accordance with that agreement. However, the sentence was illegal under § 15-18-8, which prohibits splitting a sentence in excess of 20 years. A trial court cannot accept a plea agreement that calls for an illegal sentence. This Court noticed the illegal sentence and remanded for resentencing. That resentencing was, in effect, a rejection of the plea agreement. It is clear from the transcript of the guilty-plea colloquy that the splitting of the 20-year base sentence in Calloway's original sentence was a "part of the inducement or consideration" for Calloway's plea and that when he was resentenced in accordance with this Court's instructions without the sentence being split, he did not receive what he had been promised. Therefore, based on the authority cited above, Calloway should now be allowed to withdraw his plea.
Based on the foregoing, we remand this case to the circuit court to allow Calloway to withdraw his guilty plea.
APPLICATION GRANTED; UNPUBLISHED MEMORANDUM OF SEPTEMBER 20, 2002, WITHDRAWN; *907 OPINION SUBSTITUTED; REMANDED WITH DIRECTIONS.[*]
McMILLAN, P.J., and COBB, BASCHAB, SHAW, and WISE, JJ., concur.
NOTES
[1] Calloway also pleaded guilty to the unlawful possession of a controlled substance and was sentenced to 20 years' imprisonment; that sentence was split, and he was ordered to serve 3 years. However, Calloway does not challenge the conviction entered on that guilty plea or the sentence imposed.
[2] Section 2 of Act No. 2000-759, Ala. Acts 2000, effective May 25, 2000, amended § 15-18-8 to increase the maximum sentence subject to being split from 15 years to 20 years.
[1] Rule 14.4 was amended effective August 1, 2002. to add subsections (a)(1)(viii) and (a)(3).
[*] Note from the reporter of decisions: On April 18, 2003, on return to remand, the Court of Criminal Appeals affirmed, without opinion.