BASCHAB, Judge.
On November 16, 1998, the appellant, Richard Michael Trawick, pled guilty to two counts of unlawful distribution of a controlled substance. The trial court sentenced him to serve concurrent terms of ten years in prison, but suspended the sentences and placed him on probation for one year. It also enhanced each of his sentences by five years because the sales occurred within three miles of a school and an additional five years because the sales occurred within three miles of a public housing project. See §§ 13A-12-250 and 13A-12-270, Ala.Code 1975. He did not appeal his convictions. On March 21, 2003, the appellant filed a Rule 32 petition, challenging his convictions. Without requiring a response from the State, the circuit court summarily denied the petition. This appeal followed.
The appellant argues that “[t]he trial court did not have jurisdiction to suspend [his] 10-year base sentence^] to 1-year probation and then order him to serve 10 years in confinement for the enhanced portion of his sentenced] under 13A-12-250 and [13A-12-J270.” (Appellant’s brief at p. 5.) Specifically, he contends that the execution of his sentences was not valid because the trial court effectively “split [his] 20-year aggregate sentences and ordered him to serve 10 years’ in confinement for the enhancements.” (Appellant’s brief at p. 7.)
“ ‘This Court has consistently treated sentences imposed pursuant to §§ 13A-12-250 and 13A-12-270, Ala.Code 1975, as enhancements to a base sentence *1275 and, thus, as part of a single aggregate sentence for an offense.’ State v. Corley, 831 So.2d 59, 61 (Ala.Crim.App.2001).” Calloway v. State, 860 So.2d 900, 902 (Ala.Crim.App.2002). Therefore, the appellant’s aggregate sentence in each case was twenty years in prison. Further, the trial court effectively split the appellant’s sentences and ordered him to serve ten years in confinement. See Austin v. State, 864 So.2d 1115 (Ala.Crim.App.2003). On November 16, 1998, when the appellant was sentenced, § 15-18-8, Ala.Code 1975, provided, in pertinent part:
“(a) When a defendant is convicted of an offense and receives a sentence of 15 years or less in any court having jurisdiction to try offenses against the State of Alabama and the judge presiding over the case is satisfied that the ends of justice and the best interests of the public as well as the defendant will be served thereby, he may order:
“(1) That the convicted defendant be confined in a prison, jail-type institution or treatment institution for a period not exceeding three years and that the execution of the remainder of the sentence be suspended and the defendant be placed on probation for such period and upon such terms as the court deems best.... ”
Because the appellant’s aggregate sentences were twenty years in prison, the trial court did not have jurisdiction to split his sentences. See Calloway, supra. Id. at 902. Accordingly, we remand this case to the circuit court with instructions that that court set aside the split portion of the appellant’s sentences. If the split sentence was a term of the appellant’s plea agreement, and if the appellant moves to withdraw his guilty plea, the circuit court should grant the motion. See Austin v. State, 864 So.2d 1115 (Ala.Crim.App.2003). The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 42 days after the release of this opinion.
“ ‘Matters concerning unauthorized sentences are jurisdictional,’ Hunt v. State, 659 So.2d 998, 999 (Ala.Crim.App.1994); therefore, we may take notice of an illegal sentence at any time. See, e.g., Pender v. State, 740 So.2d 482 (Ala.Crim.App.1999).”
REMANDED WITH INSTRUCTIONS. 
MCMILLAN, P.J., and SHAW, J., concur; WISE, J., concurs in the result; COBB, J., dissents, with opinion.