BASCHAB, Judge,
concurring in part and dissenting in part.
I concur with the majority’s conclusion that the circuit court properly summarily denied the appellant’s petition. However, I dissent as to the majority’s conclusion that “it is not apparent from the record that any jurisdictional defect exists in [the appellant’s] sentence.”
In this case, the appellant was convicted of trafficking in cocaine. On or about February 2, 2000, the trial court sentenced him to serve a term of ten years in prison, but split the sentence and ordered him to serve three years. It also ordered him to serve five years in prison because the offense occurred within five miles of a school and an additional five years because it occurred within five miles of a public housing project. See §§ 13A-12-250 and 13A-12-270, Ala.Code 1975.
“ ‘This Court has consistently treated sentences imposed pursuant to §§ 13A-12-250 and 13A-12-270, Ala.Code 1975, as enhancements to a base sentence and, thus, as part of a single aggregate sentence for an offense.’ State v. Corley, 831 So.2d 59, 61 (Ala.Crim.App.2001).” Calloway v. State, 860 So.2d 900, 902 (Ala.Crim.App.2002). Therefore, the appellant’s aggregate sentence in this ease was twenty years in prison. When the appellant was sentenced, § 15-18-8, Ala.Code 1975, provided, in pertinent part:
“(a) When a defendant is convicted of an offense and receives a sentence of 15 years or less in any court having jurisdiction to try offenses against the State of Alabama and the judge presiding over the case is satisfied that the ends of justice and the best interests of the public as well as the defendant will be served thereby, he may order:
“(1) That the convicted defendant be confined in a prison, jail-type institution or treatment institution for a *439 period not exceeding three years and that the execution of the remainder of the sentence be suspended and the defendant be placed on probation for such period and upon such terms as the court deems best....”
Because the appellant’s aggregate sentence was twenty years in prison, the trial court did not have jurisdiction to split his sentence. See Trawick v. State, 883 So.2d 1273 (Ala.Crim.App.2003); Calloway, supra.
“ ‘Matters concerning unauthorized sentences are jurisdictional,’ Hunt v. State, 659 So.2d 998, 999 (Ala.Crim.App.1994); therefore, we may take notice of an illegal sentence at any time. See, e.g., Pender v. State, 740 So.2d 482 (Ala.Crim.App.1999).”
Calloway, 860 So.2d at 902. Accordingly, we should remand this case to the circuit court with instructions that that court set aside the split portion of the appellant’s sentence.